Mary ST. LAURENT, Johnie Mae Alexander, William Gandt and Milwaukee Teachers Education Association, a voluntary association, Plaintiffs,

v.

Richard P. GOUSHA, individually and as Superintendent of Schools et al., Defendants.

No. 70–C–73.

United States District Court, E. D. Wisconsin.

June 24, 1970.

Richard Perry, Hayes, Peck, Perry & Gerlach, Milwaukee, Wis., for plaintiffs.

Carl F. Kinnel, Asst. City Atty., Milwaukee, Wis., for defendants.

## MEMORANDUM and ORDER

MYRON L. GORDON, District Judge.

In this memorandum, the court will consider the plaintiffs' motion for a mandatory preliminary injunction and also the defendants' motion for dismissal of the action. The complaint charges that the plaintiffs were arbitrarily discharged from their positions as teachers in the Milwaukee public school system; they claim that their right to due process was violated when the school officials omitted their names from the list of teachers who were to serve for the second semester of the school year.

Each of the three plaintiffs had a written contract which contemplated two semesters of employment, and the plaintiffs urge that the failure to retain them for the second semester was equivalent to an arbitrary discharge.

The complaint does not aver that the dismissals were motivated by reason of any conduct that is protected under the first amendment of the United States Constitution; instead, the plaintiffs maintain that although non-tenured, they were entitled to retention or, in lieu thereof, a hearing at which procedural due process would be afforded to them. They contend that they did not receive such due process in the instant case. The defendants, on the other hand, have submitted a series of affidavits in which it is asserted that administrative hearings were afforded the plaintiffs.

In the absence of any allegation that the discharges were made upon constitutionally impermissible grounds, it is dif-

ficult to see that any basis exists for federal court jurisdiction in this case. Obviously, if this were a mere matter of contract violation, it would be an action to be resolved in the state courts. Under the facts of the instant case as revealed in the pleadings, the only possible federal question presented is that arising from the plaintiffs' assertion of a denial of procedural due process.

There are a number of cases which have held that teachers, as well as students, who attempt to exercise first amendment rights may not be denied procedural due process. Roth v. Board of Regents, 310 F.Supp. 972 (W.D.Wis. 1970); Gouge v. Joint School District #1, 310 F.Supp. 984 (W.D.Wis.1970).

The defendants rely on Freeman v. Gould Special School District, 405 F.2d 1153 (8th Cir. 1969), but that case was not determined on a motion for dismissal; instead, it was resolved after the plaintiffs' proof failed to establish any violation of the teachers' civil rights. In Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969), a non-tenured professor was not rehired, and his federal court action was dismissed. The court, however, distinguished Professor Jones' case from that in which a teacher was discharged during an academic year while a contract was still operative. Thus, Jones v. Hopper is not really completely in point in the case at bar.

In 1970 Wis.Law Rev. No. 1, p. 163, at 171–172, there is a note regarding the refusal to rehire a non-tenured teacher. The conclusion of the authors is as follows:

"Although a school board has broad discretion in terminating the contract of a nontenure teacher, the refusal to renew cannot be in retaliation for the exercise of a constitutionally protected activity. The necessity of preserving a minimum standard of academic freedom requires that a school board be forbidden from using this sanction to inhibit the expression of fresh ideas.

To the extent that constitutionally impermissible reasons are intermingled with permissible reasons for nonrenewal, the test of selective enforcement should be applied to determine the primary motivation for the decision.

"However, if it is determined that the primary reason for termination was not constitutionally impermissible, then federal relief should not be open to the nontenure teacher even though he may question the sufficiency of the reasons for the termination. Ensuring that an improper basis does not exist is a very different thing from allowing the federal courts to examine the substance of the reasons in order to guarantee a minimum standard of cause. Only the former falls within the proper scope of federal judicial review under the Civil Rights Act of 1871."

The instant case does not involve first amendment rights; nevertheless, the record that is before me on this motion for dismissal is not sufficiently clear to establish that the plaintiffs' allegations of arbitrariness are unfounded. Even if the defendants may have had the unlimited discretion to discharge the plaintiffs, it does not follow that such discretion could be exercised without a proper hearing. In my opinion, the court should deny the motion to dismiss and permit the plaintiffs to offer evidence in support of their claim that procedural due process was denied to them.

The uncertainties which are reflected in this memorandum regarding the plaintiffs' ultimate prospects of success in this litigation justify a denial of their application for a mandatory preliminary injunction.

Now, therefore, it is ordered that the plaintiffs' motion for a preliminary injunction be and hereby is denied.

It is further ordered that the defendants' motion for dismissal of the plaintiffs' complaint be and hereby is denied.