**Irma J. SMITH et al., Plaintiffs-Appellees,**

**and**

**United States of America, Plaintiff-Intervenor-Appellee,**

**v.**

**CONCORDIA PARISH SCHOOL BOARD et al., Defendants-Appellants.**

**No. 30556.**

United States Court of Appeals, Fifth Circuit.

June 15, 1971.

Denis A. Barry, II, New Orleans, La., W. C. Falkenheiner, Dist. Atty., Seventh Judicial Dist., Concordia Parish School Board, Vidalia, La., for appellants.

John D. Powers, Baton Rouge, La., Louisiana Teachers Ass'n, amicus curiae.

George M. Strickler, Jr., Stanley Halpin, Jr., New Orleans, La., Ed Christenbury, Department of Justice, Civil Rights, Washington, D. C., for appellees.

Richard M. Sharp, Washington, D. C., National Education Ass'n, amicus curiae.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

BY THE COURT:

The Board's attack on the District Court's judgment placing the sixth grade in Vidalia Junior High School is without merit.

■ The District Court's findings, that the Board had neither developed nor applied objective criteria in connection with the reduction of staff positions, and that the dismissal of black teachers was racially discriminatory, are not clearly erroneous. *See* Singleton et al. v. Jackson Municipal Separate School System, 5 Cir. 1969, 419 F.2d 1211. Nor did the District Court abuse its dis-

cretion in establishing faculty racial ratios that would govern personnel changes until the school board formulated objective and reasonable non-discriminatory criteria governing dismissals, demotions, hiring and promotions. *See* United States v. Montgomery County Board of Education, 1969, 395 U.S. 225, 89 S.Ct. 1670, 23 L.Ed.2d 263.

█ The Board having made no objection or suggestion to the District Court that it desired to tender evidence, we will not entertain, for the first time on appeal, an argument that the court's failure to consider evidence was error.

As of May 1, 1971, there were 5240 students in the system: 2355, or 44.-94%, were white; and 2885, or 55.1%, were black. The faculty numbered 297: 141, or 47.47%, were white; and 156, or 52.53%, were black. These ratios substantially comply with *Singleton, supra.* The District Court will require the Board, the plaintiffs, and the Department of Justice to submit, within 15 days, non-discriminatory, non-racial objective criteria to cover both faculty reduction and dismissals for cause. If the parties cannot agree on such criteria, the District Court will, within thirty days thereafter, require the Board to adopt the criteria that the District Court prescribes so as to effectively comply with the provisions of *Singleton, supra.* Once proper criteria have been established the merit qualifications of Carter v. West Feliciana Parish School Board, 5 Cir. 1970, 432 F.2d 875, will be applicable. *See* Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554.

The District Court shall require the school board to file during the school year a semi-annual report similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 611, 618–619.

Affirmed and remanded with directions.