**Pramodini BHARGAVE**

v.

**Frank G. CLOER, Superintendent, Douglas County Board of Education, et al.**

**Civ. A. No. 15194.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 3, 1972.

Theodore G. Frankel, of Haas, Holland, Levison & Gibert, Atlanta, Ga., for plaintiff.

John L. Coney, of Noland & Coney, Douglasville, Ga., Albert H. Parnell, of Neely, Freeman & Hawkins, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Plaintiff, who was formerly employed as an elementary school teacher in the Douglas County School System, instituted this action to challenge the validity of her dismissal by the defendants. Jurisdiction is founded on 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331(a), 1343(3).

It is alleged that prior to her termination the defendants failed to afford plaintiff a hearing complying with the minimum requirements of procedural due process. The case was heard by the court non-jury and the evidence at trial supports the following statement of facts:

Plaintiff entered into a teacher employment contract with the Douglas County Board of Education for the 1970–71 school year and in September, 1970, assumed the position of a mathematics teacher at the Beulah Elementary School in Douglasville, Georgia. During the course of the fall term, plaintiff's abilities as a teacher were drawn into question by school officials. Subsequently, by letter dated January 4, 1971, Principal Smith of the Beulah Elementary School informed plaintiff that unless she resigned prior to January 25, 1971, he would recommend to the Board of Education that her employment contract be terminated. In response and by letter dated January 9, 1971, plaintiff requested a hearing with respect to her possible termination. By letter dated January 13, 1971, Defendant Cloer, Superintendent of the Douglas County School System, informed plaintiff that a hearing would be held in her case on January 27, 1971. The hearing was held as scheduled and by letter dated February 5, 1971, Superintendent Cloer advised plaintiff's attorney that the Board had terminated plaintiff's teaching contract effective January 25, 1971.

The record and the evidence further support a finding that the decision to terminate plaintiff's contract was actually made by the Board of Education at a meeting held on January 12, 1971. In informing plaintiff of the Board's action taken on January 12, Superintendent Cloer advised plaintiff by his letter of January 13 that the "Board extends you the privilege of resignation on or by the 25th day of January, 1971, or it shall be the case that your contract will be terminated by this body as of said date." (Plaintiff's Exhibit No. 3.)

To determine whether plaintiff was denied procedural due process in connection with her dismissal, the court must first determine whether plaintiff was entitled to a hearing prior to her dismissal. In this regard defendants rely on Thaw v. Board of Public Instruction of Dade County, Fla., 432 F.2d 98 (5th Cir. 1970), in contending that plaintiff was not entitled to a hearing. *Thaw* stands for the proposition that a public school teacher must be afforded a due process hearing if (1) the teacher has tenure or a reasonable expectation of reemployment or (2) the teacher asserts that his dismissal was for a consti-

tutionally impermissible reason. Admittedly the plaintiff does not fall into either of these categories.[1]

The *Thaw* decision, however, is not controlling in the instant case. *Thaw* involved the nonrenewal of a nontenured teacher's contract. The instant case, on the other hand, involves a midyear termination of a probationary teacher's contract. It cannot be said that plaintiff did not possess an expectancy that she would be allowed to complete the current school year as called for by her contract. *E. g.*, Bates v. Hinds, 334 F.Supp. 528 (N.D.Tex.1971). Under these circumstances the court concludes as a matter of law that plaintiff was entitled to a hearing prior to the termination of her contract. Board of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L.Ed.2d 548 (U.S.S.Ct. June 29, 1972); Bates v. Hinds, *supra;* St. Laurent v. Gousha, 313 F.Supp. 1033 (E.D.Wis.1970).

Having determined that plaintiff was entitled to a hearing, the court must now determine whether the hearing afforded plaintiff complied with due process requirements. In this regard plaintiff raises only two objections to the January 27th hearing.[2] First, plaintiff contends that the hearing was meaningless in that it was afforded *after* the Board had decided to terminate plaintiff's contract. Secondly, plaintiff argues that since the hearing was before the same members of the Board of Education who had previously decided to terminate plaintiff's contract, she was not afforded a hearing before an impartial tribunal. While plaintiff's second objection raises serious constitutional questions, the court need not reach those questions to dispose of this case. The court has previously determined that the decision to terminate plaintiff's contract was made on January 12, 1971. In view of this finding the hearing afforded plaintiff on January 27, 1971, could in no way constitute a meaningful opportunity to be heard as required by due process of law [*e. g.*, Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970)], since the harm which the hearing was designed to prevent had already taken place.[3] Therefore, the court concludes as a matter of law that plaintiff was not afforded procedural due process in connection with her termination and that she is entitled to some relief.[4]

1. Since plaintiff had been employed for less than six months, she obviously could not have attained tenure status or "a reasonable expectancy of reemployment" as that term is defined in Lucas v. Chapman, 430 F.2d 945 (5 Cir. 1970). Further, plaintiff does not allege that she was dismissed for any constitutionally impermissible reason.

2. With the exception of the two objections noted in the text, plaintiff does not otherwise challenge the validity of the hearing held on January 27th. In fact, on the trial of the case, plaintiff conceded that in every other respect the hearing of January 27th complied with due process requirements.

   Furthermore, on the trial of the case plaintiff did not contest the merits of the Board's dismissal action and from the evidence it clearly appears that plaintiff could not very well have made such a contention. The evidence indicates that plaintiff's contract was terminated solely because of plaintiff's inability to meet the teaching standards set by the Board of Education. It is noteworthy that plaintiff's dismissal came after school officials and professorial personnel had made classroom evaluations of plaintiff's performance and numerous efforts to assist plaintiff in improving her teaching techniques. This court finds no constitutional error in the basis for the Board's action. The constitutional error lies solely in the timing of the procedures employed by the Board in connection with the termination of plaintiff's contract.

3. The record indicates that as of January 25, two days prior to the hearing, plaintiff's salary had been cut off and a replacement had been hired to teach plaintiff's classes.

4. In framing appropriate relief in this case, this court is mindful of decisions from the Fifth Circuit Court of Appeals which suggest that when a procedural due process deficit appears in a teacher dismissal case, the case should be remanded to the local school board for compliance with due process requirements. *E. g.*,

■■ The relief sought by plaintiff consists of reinstatement and back pay, plus damages, punitive damages and reasonable attorney's fees. Since plaintiff, a probationary teacher, had no expectancy of reemployment, reinstatement is inappropriate. *E. g.*, Bates v. Hinds, *supra*. Nevertheless plaintiff is entitled to that portion of her wages for the 1970–71 school year which have not been paid to her, less any wages earned by plaintiff which might be applied in mitigation. With respect to plaintiff's prayer for damages and punitive damages it appears that plaintiff subsequently obtained employment with the Putnam County Board of Education and that there were no aggravating circumstances in connection with plaintiff's dismissal. Therefore, plaintiff's prayer for damages and punitive damages is denied. Finally, with respect to plaintiff's request for attorney's fees, the court considers an award of $750.00 to be a reasonable attorney's fee in this case.

Ferguson v. Thomas, *supra*. Those cases, however, involved teachers who also claimed that they had been dismissed for constitutionally impermissible reasons and the purpose of the remand was to insure that the cases were ripe for consideration by the district court. In the instant case there is no allegation that plaintiff's dismissal was based on constitutionally impermissible reasons. The instant case is ripe for consideration and a remand would be inappropriate.