Leonard **LONDON** et al., Plaintiffs-Appellants,

v.

The **EAST FELICIANA PARISH POLICE JURY** et al., Defendants-Appellees.

No. 72-3111.

United States Court of Appeals, Fifth Circuit.

March 13, 1973.

Stanley A. Halpin, Jr., George M. Strickler, Jr., New Orleans, La., for plaintiffs-appellants.

John F. Ward, Jr., Baton Rouge, La., for East Feliciana School Board.

David L. Norman, Asst. Atty. Gen., Civil Right Div., Dept. of Justice, Washington, D. C., Richard Kilbourne, Dist. Atty., Clinton, La., for East Feliciana Parish Police Jury.

William J. Guste, Jr., Atty. Gen., of La., Baton Rouge, La., for McKeithen.

Before TUTTLE, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Plaintiffs, registered voters in East Feliciana Parish, Louisiana, brought suit in the district court to challenge the constitutionality of the apportionment. of the East Feliciana Parish School Board.[1] Following some related hearings in a companion case, the district court ordered the School Board to submit a reappointment plan to the Attorney General of the United States within ten days. After its first plan was rejected, the School Board submitted a modified plan, which was approved by the Attorney General. The district court, faced with impending School Board elections, denied each party's motion for summary judgment and denied the plaintiff's request for a trial, but did allow the parties ten days to submit depositions on the merits. Based largely on these depositions, the district court, 347 F.Supp. 132, concluded that the plaintiffs had not satisfied their burden of proof, upheld the plan against the constitutional challenge, and ordered its immediate implementation. We reverse.

As this court stated in Thompson v. Madison County Board of Education, 5 Cir., 1973, 476 F.2d 676:

Due process mandates that a judicial proceeding give the affected parties an opportunity to be heard on the allegations asserted in the complaint and to present evidence and argument on the contested facts and legal issues framed by the answer to the complaint.

This did not occur in the court below. The district court, in an attempt to avoid undue interference with the upcoming elections, entered its judgment without affording the parties "a full and fair trial on the claims properly before the court." *Id.* at 678. We thus must return this case to the district court so that the plaintiffs may have an adequate opportunity to develop their case in accordance with the principles stated in *Madison County School Board, supra.*

With the case in this posture it would, of course, be inappropriate for us to indicate our views on the constitutionality *vel non* of the School Board's reapportionment plan.

Reversed and remanded.

---

1. The plaintiffs also challenged the apportionment of the parish Police Jury. This aspect of the case below was settled by a consent decree after the Police Jury's reapportionment plan was approved by the Attorney General of the United States.