Willie McLAURIN et al., Plaintiffs-Appellants,

v.

The COLUMBIA MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants-Appellees.

No. 71-3022.

United States Court of Appeals, Fifth Circuit.

Nov. 26, 1973.

Rehearing Denied Dec 19, 1973.

Nausead Stewart, Fred L. Banks, Jr., Melvyn R. Leventhal, Jackson, Miss., Brian Landsberg, U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., for plaintiffs-appellants.

Stephen J. Pollak, Richard M. Sharp, David Rubin, Washington, D. C., N. E.

A. and Miss. Teachers Assn., for amici curiae.

Maurice Dantin, Columbia, Miss., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLD-BERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

PER CURIAM:

Briefs and oral arguments on rehearing en banc lead the Court to conclude that this case is not enbancworthy, F.R.A.P. 35. The en banc Court is therefore dissolved and the cause remanded to the panel.

COLEMAN, Circuit Judge (concurring specially):

A consideration of the majority and minority opinions originally filed in this case on April 11, 1973, 478 F.2d 348, gave every indication, I thought, of enbancworthiness. A majority of the Judges of this Court thought so, for they voted to rehear the case *en banc*. Viewed in their totality, the divergent panel opinions raised serious questions as to whether the teacher discharges were within the *Singleton* rule as well as concerning the power of school boards to dismiss teachers for such causes as intemperance and striking a retarded child with such brutality as to bring blood from the hand, 478 F.2d at 357.

The *winnowing* accomplished by the en banc hearing clearly indicated that the reductions did fall within *Singleton* coverage, that the School Board had never adopted objective criteria for the dismissal of teachers occasioned by a reduction in faculty, that the driver instructor alleged to have had a drinking problem had twice been rehired since the occurrence which led to the charges against him, and that the child striking incident had been shown by hearsay, with no direct eyewitness testimony. This caused the dissolution of the En Banc Court in this case.

Speaking as only one member of the Court I have no doubt that where definitely supported by the evidence any teacher, regardless of race, may, and ought to be, dismissed for habitual intemperance or for inexcusable brutality, and that *Singleton* does not provide a shield for such behavior. It turns out, however, that evidentiarily we do not now have such a case before us.

During the en banc arguments counsel for the School Board expressed grave concern about the enormity of the sum involved in the back pay order. A careful reading of the majority panel opinion, 478 F.2d at 356, will allay most of these fears. Counsel will have no trouble finding the law applicable to situations in which teachers are physically unable to teach, even when the job was legally available to them.

I do not consider the time spent on this en banc case to have been a waste of judicial time.