Irma J. SMITH et al., Plaintiffs-Appellees,

United States of America, Plaintiff-Intervenor,

v.

CONCORDIA PARISH SCHOOL BOARD et al., Defendants-Appellants.

No. 72-2969.

United States Court of Appeals, Fifth Circuit.

April 24, 1974.

See also, D.C., 331 F.Supp. 330.

W. C. Falkenheiner, Dist. Atty., Concordia Parish School Board, Vidalia, La., John F. Ward, Jr., Baton Rouge, La., for Concordia Parish School Bd.

Stanley A. Halpin, Jr., George M. Strickler, Jr., New Orleans, La., David L. Norman, Civ. Rights Div., Dept. of Justice, Lloyd Parker, Jr., Ed. Section, Civ. Rights Div., Dept. of Justice, Washington, D. C., Donald E. Walter, U. S. Atty., Shreveport, La., for plaintiffs-appellees.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

Prior to the beginning of the 1970–71 school term, the Concordia Parish (Louisiana) School Board dismissed or demoted 20 black educators, including appellee Davis. The board acted without developing and promulgating objective criteria, as required by this court in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1969), rev'd on other grounds, Carter v. West Feliciana School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970). The Federal District Court for the Western District of Louisiana ordered all the black educators reinstated. On June 15, 1971, this court affirmed that order and further required that the board ". . . submit, within 15 days, non-discriminatory, non-racial objective

criteria to cover both faculty reduction and *dismissals for cause.*" [Emphasis added]. Smith v. Concordia Parish School Board, 445 F.2d 285 at 286 (5th Cir. 1971).

In August of 1971, the school board held a hearing and found that Davis should be dismissed for alleged mismanagement of school funds. On September 2, 1971, the board filed proposed objective criteria under *Singleton, supra,* after having been granted an extension by the district court. The same day, the board entered its decision dismissing Davis. The district court ordered immediate reinstatement of Davis with full salary benefits, responsibilities and back-pay from the date of his dismissal. The school board now appeals that order. It argues that at the time of the dismissal the district court had not approved any objective criteria filed by the board in accordance with *Singleton;* therefore; the board could dismiss Davis for cause under the Louisiana Teachers' Tenure Act (LRS 17:441–17:444).

We find this argument unacceptable. A 30-day extension had been granted the school board to allow submission of the *Singleton* criteria. It was during that extension that Davis was found to be unfit by the board. This tactic cannot be allowed. Even though the board complied with the Louisiana Teachers' Tenure Act, it did not comply with the order of this court. A delay in obtaining approval for *Singleton* criteria, even when due only partially to action of the board, cannot be used to justify failure to comply with this court's order of June 15, 1971.

We agree with the district court that Davis should be immediately reinstated. Further consideration, however, should

be given possible mitigation of the back-pay award. See, Horton v. Lawrence County Board of Education, 449 F. 2d 793 (5th Cir. 1971) and Bhargave v. Cloer, 355 F.Supp. 1143 (N.D.Ga.1972).[1]

This case is remanded for reinstatement of Mr. Davis and exact determination by the district court of the dollar amount of the back-pay award.

---

1. The pertinent part of Judge Edenfield's opinion in *Bhargave* says, "Nevertheless plaintiff is entitled to that portion of her wages for the 1970–71 school year which have not been paid to her, less any wages earned by plaintiff which might be applied in mitigation." *Supra* at 1146.
Therefore, the district court should determine the amount of the back-pay award due Mr. Davis, minus other salary he earned which might have mitigated the award.

