Ollie CORNIST et al., Plaintiffs-
Appellees,

v.

RICHLAND PARISH SCHOOL BOARD,
et al., Defendants-Appellants.

Elvert CHISLEY et al., Plaintiffs-
Appellees,

v.

RICHLAND PARISH SCHOOL BOARD,
Defendants-Appellants.

Nos. 73–2619, 73–3529.

United States Court of Appeals,
Fifth Circuit.

May 13, 1974.

John F. Ward, Jr., Baton Rouge, La., Donald K. Carroll, Dist. Atty. Parish of Richland, Lowen B. Loften, William R. Coenen, Sr., Asst. Dist. Attys., Rudolph McIntyre, Dist. Atty., Rayville, La., for defendants-appellants.

Paul Henry Kidd, Robert P. McLeod, Stephen J. Katz, Monroe, La., Stanley A. Halpin, Jr., New Orleans, La., for plaintiffs-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is the third appearance of these cases in this court. The Richland Parish School Board dismissed plaintiff Elvert Chisley in July 1970 for alleged incompetence and plaintiff Ollie Cornist in April 1971 for alleged incompetence and wilful neglect of duty. Both plaintiffs are black teachers. Each was dismissed after a hearing conducted under provisions of the Louisiana Teacher Tenure Law.[1] They sought relief in federal court, where the judge dismissed the cases for failure to exhaust the remedies of state court review provided by the state tenure law. On appeal we vacated the dismissal order in one case and remanded for hearing on the merits, Cornist v. Richland Parish School Board, 448 F.2d 594 (CA5, 1971), and in the other case reversed and remanded, Chisley v. Richland Parish School Board, 448 F.2d 1251 (CA5, 1971).

On remand, by judgment as amended of May 1, 1972, the District Court required the Board to immediately reinstate both teachers who, the evidence showed, had been dismissed prior to the Board's establishing objective criteria as required by Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (CA5, 1969, en banc). The Board appealed and on May 14, 1973, by an order entered in the consolidated cases, we denied a motion to dismiss the appeal as untimely and remanded to the District Court for it to consider a motion for new trial, the merits of which it had never reached. Cornist v. Richland Parish School Board, 479 F.2d 37 (CA5, 1973). On remand the District Judge denied the motion for new trial and by a separate opinion and order awarded to counsel for the two plaintiffs attorneys' fees of $3,750 in each case, a total of $7,500.

The Board then filed another new motion for new trial attacking the award of attorneys' fees. One of the grounds alleged was that the District Judge had lost jurisdiction because pending the first appeal he had entered an order in each of these cases and other school related cases which said:

On order from my doctor, because I suffer from high blood pressure, I hereby recuse myself in the below described 'school-related cases.' All counsel should be notified in said cases that they should apply to one of the other judges of this district, (i. e., Judges Hunter, Putnam, or Scott, in the order of their seniority), for future action upon any school related matters.

The District Judge denied the motion with the following order:

Defendant the Richland Parish School Board, et al's motion for a new trial is hereby denied on the grounds that this Court's earlier recusal order did not relate to matters which the

1. LRS 17:441–444.

Court had previously and explicitly taken under advisement; that defendants have not raised in their motion for a new trial any factual issues which would necessitate an evidentiary hearing; and that defendants' contention that attorney's fees are inappropriate in this case is entirely without merit for the reasons stated in this Court's July 9, 1973 order.

The Board again appeals. The District Judge did not lose jurisdiction over the merits or the attorney fee issue by reason of his recusal order. We need not decide whether a trial judge's order recusing himself from a case deprives him of the power to act later with regard to that case. In this instance the District Judge construed his own order, as he was entitled to do, as not relating to the issues pending in this case.

██ The District Court did not err in holding that the two teachers were improperly dismissed and were entitled to reinstatement with back pay. When the hearings and dismissals occurred the Richland Parish system was in transition from dual to unitary status and was having to make reductions in force and transfers. Thus it was required to dismiss or demote teachers only by selection from among all teachers on the basis of objective and reasonable nondiscriminatory criteria. Singleton v. Jackson Municipal Separate School District, *supra.* The Board had not filed with the court, nor did it utilize, such criteria and in fact did not file criteria until March 2, 1972, long after these dismissals occurred.

In his findings made in the order awarding attorneys' fees, which were more specific than the findings in the order directing reinstatement and back pay, the District Judge held that there had been a pattern of racial discrimination against black educators in the Parish and that the dismissals of Cornist and Chisley were racially discriminatory.

██ The position of the Board is that the matter of whether these two teach-

ers should be dismissed "can be comfortably left to the stringent requirements of the Louisiana Teacher Tenure Law and the courts of this state" rather than imposed upon federal tribunals, or stated more briefly, that the tenure hearings held under state law eliminated the necessity that the Board adopt and comply with *Singleton* standards. This is not the law. Smith v. Concordia Parish School Board, 493 F.2d 8 [CA5, 1974]; Thompson v. Madison County Board of Education, 476 F.2d 676 at 678–679 (CA5, 1973). McLaurin v. The Columbia Municipal Separate School District, 486 F.2d 1049 (CA5, 1973, en banc). The asserted grounds for dismissal are not within those described in *Thompson* as "repulsive to minimum standards of decency," and, additionally, the District Judge found as fact, on ample evidence, that the discharges actually were racially motivated.

██ Prior to the first appeal, in his order dismissing the cases for failure to exhaust state remedies, the District Judge stated that it affirmatively appeared from the record that the dismissals were not brought about as a result of desegregation of the Parish schools but for other causes. The argument is made that this notation, made without evidentiary inquiry and as an incident of an order erroneously dismissing the cases and remitting the parties to state remedies, controlled the ultimate decision of the cases after this court, in one case vacated and in the other case reversed the dismissal order and remanded both cases for hearing on the merits. The contention that this non-merits reference operates to circumvent *Singleton* and emasculate this court from power to order, and the District Court from power to conduct, an evidentiary hearing on the merits and enter findings, is frivolous.

██ We turn to the merits of the attorney fee issue. The District Court's order carefully traced the convoluted history of the litigation and the efforts expended by counsel for plaintiffs. The evidence supports the findings of the

District Judge that "defendants were in fact obdurately obstinate in their repeated attempts to dismiss these two plaintiffs." Alternatively, the court found plaintiffs' attorneys to be entitled to fees because they had acted as "private attorneys general" in securing the rights of plaintiff which benefited not only them but all the black teachers in the Parish as well as the school system as a whole by virtue of the system's being brought into compliance with federal law and Congressional policy. McLaurin v. Columbia Municipal Sep. Schl. Dist., 478 F.2d 348 (CA5, 1973); Horton v. Lawrence County Bd. of Educ., 449 F.2d 793 (CA5, 1971); Lee v. Southern Home Sites, Corp., 444 F.2d 143 (CA5, 1971).

The decision of the District Court is due to be and it is affirmed.