**Katherine M. TOUPS, Plaintiff-Appellant,**

**v.**

**Warren L. AUTHEMENT et al., Defendants-Appellees.**

**No. 74-1527.**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 28, 1974.

Rehearing and Rehearing En Banc Denied Oct. 7, 1974.

Lynne Rothschild Stern, New Orleans, La., for plaintiff-appellant.

Francis Dugas, Dist. Atty., Thibodaux, La., for defendants-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Toups, a tenured teacher, was dismissed from her teaching position in the Lafourche Parish school system. She charges that the hearing did not conform to the requirements of due process and that her dismissal was arbitrary and unreasonable. She seeks injunctive and declaratory relief and damages for violation of her rights secured by 42 U.S.C.A. § 1983. The district court dismissed the action finding that Toups "was not dismissed because of her race, color or sex; rather, substantive deficiencies in her teaching ability and attitude during her employ was the cause of her dismissal." We affirm.

It is undisputed that Toups was furnished a copy of the charges well in advance of the public hearing granted by the school board, at which she appeared represented by counsel. Subsequently she was officially notified of her dismissal by the Board. The court below carefully considered the record of the hearing before the Board, as we have. We agree that there was substantial evidence to support the school board's action; that it acted impartially and fairly. That ends the matter. "The findings and decision of academic bodies are to be upheld by the courts when reached by correct procedures and supported by substantial evidence." Thompson v.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Madison County Board of Education, 5 Cir. 1973, 476 F.2d 676; Green v. Board of Regents of Texas Tech University, 5 Cir. 1973, 474 F.2d 594.

Affirmed.