Lawrence E. BOWLING,
Plaintiff-Appellant,

v.

David MATHEWS et al.,
Defendants-Appellees.

No. 74–1309.

United States Court of Appeals,
Fifth Circuit.

April 14, 1975.

University, Ala., for defendants-appellees.

Before BELL, THORNBERRY and GEE, Circuit Judges.

PER CURIAM:

Appellant Bowling, a tenured professor of English at University of Alabama appearing pro se, has brought various suits grounded on his attempted discharge. On the merits, he claims in general that his termination was for attempted exercise of rights of free speech and, further, was wanting in procedural due process. Our task is complicated by Dr. Bowling's practice of attempting a separate and immediate appeal from many, if not most, of the adverse rulings of the trial court as they occur.

At present, Bowling is being paid his salary by order of the trial court during the process of remand and rehearing by the University (because of procedural deficiencies thought by the court to have obtained in an earlier hearing) pursuant to the procedures outlined in Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970). This appeal seeks to place the merits of his situation before us, as well as a complaint of the *Ferguson* procedure. The merits are not properly before us, and we decline to consider them at this juncture. Further, observing that the second administrative hearing of which Bowling now complains was accorded by the trial court at his own behest, we do not find the court's decision to order the university to rehear the case in error.[1] *Ferguson, supra.* There will be time for the merits when they are drawn before us after this hearing, as doubtless they will be.

Appellant Bowling further complains of the dismissal of certain defendants. Many remain, however, and the court's action in dismissing some but not all defendants in this multi-party action

Lawrence E. Bowling, pro se.

Andrew J. Thomas, Jerome A. Cooper, Birmingham, Ala., Paul E. Skidmore,

---

1. No questions being raised about the specific details of the court's order as opposed to the fact of it, we have no occasion to consider or decide them.

**114**

is not appealable in the absence of an FRCP Rule 54(b) "express determination," absent here.

His complaints of the injunction, under which he has continued to receive his salary to date, reveal no abuse of discretion by the court below. He likewise appeals from the refusal of the district judge to disqualify himself. An examination of his affidavit of disqualification establishes that its asserted grounds are limited to actions of the judge in the case at bar. These will not suffice. United States v. Roca-Alvarez, 451 F.2d 843, 848 (5th Cir. 1971), rehearing granted, 474 F.2d 1274 (1973). His remaining complaints relate to interlocutory matters not meeting any of the tests of 28 U.S.C. § 1292.

Affirmed.