**Marlene PARKER, Plaintiff,**

v.

**DeKALB CHRYSLER PLYMOUTH and Fidelity National Bank, Defendants.**

**Civ. A. No. C–77–980A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 28, 1978.

---

185

Bensonetta Tipton, Ralph Goldberg, Atlanta, Ga., for plaintiff.

James R. Beach, Jr., Levine, D'Alessio & Cohn, Atlanta, Ga., for DeKalb Chrysler Plymouth.

R. Phillip Shinall, III, Weekes, Candler, Sams & Weatherly, Decatur, Ga., for Fidelity National Bank.

## ORDER

MURPHY, District Judge.

On April 27, 1977, plaintiff Marlene Parker purchased a new Cordoba Chrysler automobile from defendant DeKalb Chrysler Plymouth ("DeKalb") and financed a portion of the purchase price. The paper was "assigned" to defendant Fidelity National Bank ("Fidelity"). On May 2, 1977, Ms. Parker signed a general release for $500.00, discharging DeKalb Chrysler Plymouth from any claims arising out of the purchase of the automobile.[1]    Several

1. The release reads as follows:

For and in consideration of $500.00, I Marlene V. Parker, hereby release and forever discharge DeKalb Chrysler-Plymouth, Inc., its agents and

employees, from any and all claims from the beginning of the world to the date of these presents including but not limited to any claim I may have of any kind arising out of my

weeks later Ms. Parker filed this action against DeKalb and Fidelity alleging that defendants, in the course of this transaction, violated both the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.* ("Truth-in-lending Act"), and Subchapter IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 *et seq.* ("Odometer Act"). Jurisdiction is invoked under 15 U.S.C. §§ 1640(e) and 1989(b). Presently before the Court are defendants DeKalb's and Fidelity's motions for summary judgment and plaintiff Parker's motion for summary judgment against defendant Fidelity. The Federal Rules of Civil Procedure provide for the disposition of all or part of an action by summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c).

## I

██ The initial issue raised by these motions is what effect, if any, plaintiff's release has on her causes of action. Defendant DeKalb contends that the release bars any actions by the plaintiff based on the transaction and defendant Fidelity seeks to be included within the protection of the release.[2] The plaintiff on the other hand, argues on the basis of an earlier decision by this Court that her release does not bar her action under the Truth-in-Lending Act and should not bar her action under the Odometer Act. Plaintiff's argument is well taken.

In *Buford v. American Finance Co.,* 333 F.Supp. 1243 (N.D.Ga.1971), the Court held that releases were null and void with respect to claims under the Truth-in-Lending Act. The Court noted as factors in its decision the clear contemplation of substantial enforcement through individual consumers acting as "private attorneys-general" [citation omitted], the limitations on criminal prosecution, and the legislative in-

tent to deter violations manifest in the design of a civil remedy guaranteeing a minimum recovery plus costs and reasonable attorney's fees without having to prove damages. The Court noted further the decision in *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945), in which the United States Supreme Court held:

> Where a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged with the public interest will not be allowed where it would thwart the legislative policy which it was designed to effectuate.

*Id.* at 704, 65 S.Ct. at 901.

Defendant DeKalb would distinguish the instant action from *Buford* on the following facts: in *Buford* the releases were obtained after commencement of the action; in the instant case, plaintiff executed the release before filing suit. However this distinction argues against the defendants rather than for them. If plaintiff's release in *Buford* is void (where plaintiff knew what she was releasing) then there is even more force to the argument that plaintiff's release in the instant case should be void (where plaintiff may not have known what she was releasing). To validate the release here would thwart the legislative policy of the Truth-in-Lending Act as much, if not more, than doing so in *Buford* would have.

██ Juxtaposition of the Truth-in-Lending Act and the Odometer Act reveals a similarity of purpose and design sufficient to support the extension of the *Brooklyn Savings-Buford* rule to actions arising under the Odometer Act. Although the Odometer Act does not rely exclusively on private actions by individual consumers for its enforcement,[3] it clearly contemplates actions by private attorneys-general as a substantial enforcement tool. *See Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397 (D.C.W.

---

purchase of a 1977 Chrysler Cordoba, Serial # SS22N7R104452.
/s/ Marlene V. Parker.

**2.** Presumably, Fidelity is relying on the Georgia rule that the general release of one joint tort-feasor releases all joint tort-feasors, *Weems v.*

*Freeman,* 234 Ga. 575, 216 S.E.2d 774 (1975). However, Fidelity has cited no law in support of its position.

**3.** *See* 15 U.S.C. §§ 1990–1990g.

Va.1975); *Delay v. Hearn Ford*, 373 F.Supp. 791 (D.C.S.C.1974). Criminal prosecutions are limited to knowing and willful violations, 15 U.S.C. § 1990c, which are difficult to prove. The civil remedy is designed to deter violations by guaranteeing a minimum recovery of $1500.00, plus costs and reasonable attorney's fees. 15 U.S.C. § 1989(a).

■ Therefore, the Court holds that the release obtained by defendant DeKalb is null and void with respect to Ms. Parker's claims under the Truth-in-Lending Act and the Odometer Act. It remains for the Court to determine whether any of the parties have made the requisite showing to support a motion for summary judgment.

## II

■ Defendant Fidelity was the first party to move for summary judgment in this action. Their motion was supported by the affidavit of James B. Miller, President of Fidelity National Bank. In his affidavit, Mr. Miller states that "no employee or agent of Fidelity had any knowledge with respect to the odometer disclosures required by the Odometer Act", that "no employee or agent of Fidelity had an intent to defraud Ms. Parker in regard to the alleged violations of the odometer disclosure requirements," and that Fidelity has "never been a transferor or owner" of the car Ms. Parker bought. These averments deal solely with Ms. Parker's cause of action against Fidelity under the Odometer Act and were not controverted by Ms. Parker's response to Fidelity's summary judgment motion. Through Mr. Miller's affidavit, Fidelity has successfully shown with respect to the alleged Odometer Act violations that there is no genuine issue as to any material fact and that Fidelity is entitled to judgment as a matter of law. Furthermore, plaintiff concedes that Fidelity is not subject to liability under the Odometer Act. The Court, therefore, grants defendant Fidelity's motion for summary judgment with respect to plaintiff's allegations of Odometer Act violations.

■ Since Fidelity's supporting affidavit goes only to the alleged Odometer Act violations, Fidelity's summary judgment motion with respect to the alleged Truth-in-Lending Act violations rests only on the pleadings and exhibits. Therefore, it will be treated as though it were a motion for judgment on the pleadings.[4] Where a defendant moves for judgment on the pleadings, the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint. *Stanton v. Larsh*, 239 F.2d 104 (5th Cir. 1956). However, since plaintiff was not required or permitted to reply to Fidelity's answer, the averments therein are deemed denied. Fed.R.Civ.P. 8(d). The Court is left to consider the factual allegations contained in the complaint as true. As plaintiff has at least alleged a cause of action under the Truth-in-Lending Act, the Court finds that defendant Fidelity is not entitled to judgment on the pleadings.

## III

■ The plaintiff, Ms. Parker, has moved for summary judgment against defendant Fidelity. This motion is supported by Ms. Parker's affidavit relating her version of the circumstances surrounding the execution of the release. Since these facts have no bearing on plaintiff's summary judgment motion, it will be treated as though it were a motion for judgment on the pleadings.[5] Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer. Thus, plaintiff may not move for

---

**4.** Where a motion for summary judgment is based entirely upon the pleadings and exhibits, it is functionally the same as a motion for judgment on the pleadings. *Dyal v. Union Bag-Camp Paper Corporation*, 263 F.2d 387 (5th Cir. 1959).

**5.** *See* fn. 4 *supra*.

**188**

judgment on the pleadings where the answer raises issues of fact which if proved would defeat recovery. *Bass v. Hoagland,* 172 F.2d 205 (5th Cir. 1949), *cert. denied,* 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949). Fidelity's answer raises factual issues as to bona fide error and good faith which, if proved, would defeat recovery. Thus, plaintiff cannot be granted judgment on its pleadings against Fidelity and her summary judgment motion is denied.

## IV

Lastly, defendant DeKalb has moved for summary judgment. Its motion is supported by the affidavit of C. S. Ozburn, president of DeKalb Chrysler Plymouth, Inc., which relates DeKalb's version of the circumstances surrounding the execution of the release. Since the Court has held the release invalid insofar as this suit is presently concerned, this affidavit is not germane to DeKalb's motion for summary judgment. As with the summary judgment motions of Ms. Parker and Fidelity, DeKalb's summary judgment motion will be dealt with as a motion for judgment on the pleadings.[6] For the reasons set out in part II, *supra,* with respect to Fidelity, DeKalb is not entitled to a judgment on the pleadings as to alleged violations of the Truth-in-Lending Act. However, with respect to alleged violations of the Odometer Act, DeKalb is entitled to a judgment on the pleadings.

Civil liability under the Odometer Act is predicated on an "intent to defraud". 15 U.S.C. § 1989. Ms. Parker has not alleged any intent to defraud, nor has she alleged facts from which the Court might infer the requisite intent to defraud. *See Clayton v. McCary,* 426 F.Supp. 248 (D.C. Ohio 1976). Thus, plaintiff has failed to state a cause of action under the Odometer Act. Defendant DeKalb is entitled to judgment on the pleadings with respect to alleged violations of the Odometer Act.

## V

ACCORDINGLY, defendant Fidelity National Bank's motion for summary judgment is denied in part and granted in part; plaintiff's motion for summary judgment is denied; and defendant DeKalb Chrysler Plymouth's motion for summary judgment is denied in part and granted in part.