**Charles L. VIVERETTE,**
**Plaintiff-Appellant,**

v.

**LURLEEN B. WALLACE STATE JUNIOR COLLEGE, etc., William H. McWhorter, as President, etc., et al., Defendants-Appellees.**

No. 78–1421

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

David H. Hood, Jr., Bessemer, Ala., for plaintiff-appellant.

W. Harold Albritton, III, Andalusia, Ala., Charles S. Coody, State Dept. of Education, Montgomery, Ala., for defendants-appellees.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Charles L. Viverette was discharged from his position as Dean of Instruction at Lurleen B. Wallace State Junior College in Andalusia, Alabama. He appeals from the judgment of the district court upholding the validity of his discharge.

On May 31, 1977, the President of the college notified appellant by letter that, effective June 15, 1977, he would be removed from his position as Dean but would be assigned other administrative responsibilities. When appellant refused to accept this assignment, he was terminated from employment effective June 8, 1977. After appellant subsequently failed to request a hearing at the college level, he filed a reinstatement request with the State Board of Education, asking that he be reinstated to his position of Dean of Instruction.

Following this request, the Dean, by letter of July 8, 1977, reinstated appellant to his former position, but suspended him with full pay and benefits pending a final determination of the matter. This letter informed appellant that he would be accorded a full hearing before the President where he could present his case with the assistance of an attorney. The letter also presented a list of reasons for appellant's termination and contained the Dean's suggestion that appellant might wish to request a hearing before the State Board of Education. Appellant responded to this letter by declining to appear before the President, but joined with the President in requesting an evidentiary hearing "before the State Board of Education or a committee designated by it."

In response to this joint request, the Ad Hoc Committee of the State Board of Education, established by the Board to hear complaints from employees of institutions under its jurisdiction, was convened to hear appellant's cause. Prior to the hearing, the attorneys for the college furnished appellant's attorney with the names of the witnesses expected to testify against appellant and the nature of their anticipated testimony.

The Ad Hoc Committee was not authorized by the Board to take final action on appellant's discharge. It would make a recommendation to the Board based upon its review of the evidence. The hearing before the Committee was lengthy, lasting nearly eighteen hours, and adversary in nature, with the college presenting eleven witnesses and appellant presenting nine.

After examining the transcript of the hearing and considering the exhibits submitted, the Committee recommended that

appellant's discharge be upheld, but only after specifically finding that he had been accorded due process of law and that his discharge had been supported by good cause.

On August 30, 1977, the Board accepted the recommendation of the Committee and adopted a resolution upholding appellant's discharge. Following this action by the Board, appellant filed a motion for reconsideration and for a de novo hearing before the Board. This request was denied by the Board.

Appellant then brought suit in the United States District Court for the Middle District of Alabama seeking reinstatement and asking for compensatory and punitive damages, alleging that the college had violated his due process rights by wrongfully terminating his employment. The defendants moved for summary judgment, attaching the transcript of the hearing before the Committee as an exhibit to the motion for summary judgment. Appellant likewise moved for summary judgment.

Without conducting a de novo hearing, the district court, on February 2, 1978, entered an order granting summary judgment for the college. Assuming without deciding that appellant had a constitutionally protectable "liberty" or "property" interest, the court nonetheless held that the hearing before the Ad Hoc Committee fully afforded due process to appellant. The district judge also ordered costs to be taxed against appellant, and assessed as part of these costs the charge made by the court reporter for the transcript, with exhibits, of the hearing before the Committee.

Appellant argues on appeal that entry of summary judgment by the district court was improper because there was a genuine issue as to certain material facts which necessitated an evidentiary hearing. Appellant also challenges the inclusion of the cost of the transcript as part of the court costs assessed against him. We affirm.

In reviewing the decision of an educational institution to discharge one of its employees, a federal court is limited to a two-tier level of inquiry: whether the procedures followed by the school authorities comported with due process requirements, and, if so, whether the action taken is supported by substantial evidence. *Ferguson v. Thomas,* 430 F.2d 852, 858 (5th Cir. 1970); *Fluker v. Alabama State Board of Education,* 441 F.2d 201, 208 n. 15 (5th Cir. 1971); *Thompson v. Madison County Board of Education,* 476 F.2d 676, 680 (5th Cir. 1973) (Clark, J., concurring); *Stapp v. Avoyelles Parish School Board,* 545 F.2d 527, 534 (5th Cir. 1977). Because federal courts are limited in the scope of their review to the procedures employed by and the evidence before an educational review board, it was not improper for the district court to grant summary judgment on the basis of the transcript of the hearing by the Ad Hoc Committee and the exhibits attached thereto; in fact, de novo hearings in district courts on such matters are not favored. *Ferguson v. Thomas,* 430 F.2d 852, 858 (5th Cir. 1970). *Thompson v. Madison County Board of Education,* 476 F.2d 676, 680 (5th Cir. 1973) (Clark, J., concurring); *Stapp v. Avoyelles Parish School Board,* 545 F.2d 527, 534 (5th Cir. 1977).

We have scrutinized the proceedings before the Ad Hoc Committee and find that the school authorities in this case have scrupulously adhered to the due process requirements set out in our prior opinions. *See Ferguson v. Thomas,* 430 F.2d 852, 856 (5th Cir. 1970). Appellant was given the option to step down from his position as Dean of Instruction, but when he legitimately insisted on refusing this proffer, he was afforded a full array of due process rights which enabled him meaningfully to contest his ensuing discharge. Appellant was given a detailed list of reasons for the decision to terminate him. Moreover, he was given the names of the witnesses who were to support these charges and informed of the nature of their testimony, as well as being afforded the opportunity to rebut these charges, with the assistance of an attorney, before an impartial tribunal with academic expertise. Due process requires no more.

■ Having determined that sufficient procedural safeguards surrounded appellant's discharge, we now look to the testimony and exhibits before the Committee to see if substantial evidence supports its action. We have reviewed the evidence and find it compelling in support of the Committee's decision. Because appellant was afforded due process and substantial evidence exists to support his discharge, we conclude that entry of summary judgment was proper in this case.

■ Finally, appellant contests the inclusion of the costs of the transcript as part of the court costs assessed against him. 28 U.S.C.A. § 1920(2) specifically permits these items to be taxed as costs and the trial court has broad discretion in such matters. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). A copy of the proceedings before the Ad Hoc Committee was indispensable to a proper determination of the motion for summary judgment. We thus find no abuse of discretion.

AFFIRMED.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.