Lawrence E. BOWLING,
Plaintiff-Appellant,

v.

Charley SCOTT, Individually and as Assistant Academic Vice President, University of Alabama, et al., Defendants-Appellees.

Lawrence E. BOWLING,
Plaintiff-Appellant,

v.

David MATHEWS, etc., et al.,
Defendants-Appellees.

Nos. 75-1426, 75-2949 and 76-3879.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1979.

Rehearing and Rehearing En Banc
Denied March 13, 1979.

Lawrence E. Bowling, pro se.

Andrew J. Thomas, J. Fredric Ingram, Birmingham, Ala., Paul E. Skidmore, University, Ala., for defendants-appellees.

Jerome A. Cooper, Birmingham, Ala., for Sands.

Before JONES, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

At the heart of this consolidated appeal [1] lies appellant's principal claim [2] that his discharge as a tenured English Professor at the University of Alabama violated the due process guarantees of the Fourteenth Amendment. Because we hold that appellant's termination comported with both procedural and substantive due process, we affirm the various judgments and orders of the district court appealed from.

Appellant Bowling's troubles began with the filing of formal dismissal charges against him in April of 1972. Following a two-week hearing by a faculty committee on these charges in June of that year, appellant's employment was terminated, effective August 13, 1973, in accordance with the recommendation of the committee.

---

1. These three numbered appeals, consolidated for consideration on appeal, arise out of two actions filed in the district court, both of which involve virtually the same defendants and, in all material respects, the same cause of action.

2. Although the appellant's due process attack on his termination procedure constitutes the basic thrust of his argument on appeal, we take notice of some twenty-three contentions raised by appellant in his original briefs filed on appeal, many of which do not relate to his due process argument. We choose only to discuss appellant's due process argument, but we have dutifully examined his other contentions and find them to be without merit. A few of these undiscussed contentions were resolved adversely to appellant by a prior appeal in this case, *Bowling v. Mathews*, 511 F.2d 112 (5th Cir. 1975).

On February 9, 1973, appellant filed the first of the two actions[3] involved in this appeal, alleging that his termination was unconstitutional and asking for damages and injunctive relief in the form of reinstatement. The district court found the faculty committee hearing to have been deficient in procedural due process, and remanded the cause to the University for a rehearing that afforded appellant due process. That order, among others, was affirmed by this Court in *Bowling v. Mathews*, 511 F.2d 112 (5th Cir. 1975).

Following remand, the university served appellant with a new Statement of Charges, consisting of twenty-four legal-sized pages, which contained dual allegations that appellant failed to perform his assigned duties and committed acts inimical to the efficient functioning of the Department of English. This document specified, in painstaking detail, the factual basis for each charge, the names of those witnesses expected to testify in support of the charges, and the nature of their expected testimony.

Appellant and his counsel next participated in a series of meetings called for the purpose of selecting a faculty hearing committee. The committee was chosen from a master list consisting exclusively of full professors with tenure, but excluding, on a categorical basis,[4] those professors with a potential bias toward appellant's cause. Each party was allowed an unlimited number of challenges for cause and two peremptory challenges.

Following the selection of the committee, Dr. Scott, the administrative official of the college designated to preside over the selection and organization of the committee, issued a memorandum of instructions to the committee in which he outlined various procedural guidelines which were to be followed.[5] Subsequent to Dr. Scott's instructions, the committee adopted supplemental procedural rules to govern the conduct of the hearing; these rules were provided to all parties with an opportunity to object within five days thereafter.

Beginning on May 1, 1975, fourteen hearing sessions were held by the committee, with appellant being represented throughout these proceedings by a Professor at the University of Alabama Law School. During the course of the hearings, some twelve witnesses were examined and cross-examined; the University introduced into evidence seventy-nine exhibits and appellant introduced eighty-four exhibits.

Following the conclusion of the faculty committee hearing, the committee issued a twelve-page report finding the charges against appellant to be supported by substantial evidence and recommending that he be dismissed from his position as a tenured professor. After considering the committee's report and appellant's memorandum in opposition thereto, Dr. Howard Gundy, the University official assigned the responsibility of making the final institutional decision with respect to appellant's future employ-

3. The second action involved in this appeal, *Bowling v. Scott*, No. 75–1426, filed by appellant on January 27, 1975, named virtually the same defendants and contained essentially the same allegations as did the complaint in the first-filed action. Appeal is taken from various orders entered by the district judge in the second action and, as noted in fn. 2, we affirm the orders appealed from without discussion.

4. Excluded from the list were all faculty members employed in the College of Arts and Sciences; any administrator or area or department chairman; all professors on leave from the University during the spring semester of 1975; and those members of the faculty hearing committee which considered the first Statement of Charges against appellant.

5. Among the instructions contained in Dr. Scott's memorandum were those which: (1) permitted the University and plaintiff to have an academic advisor or counsel; (2) provided for a national AAUP observer; (3) provided for the stenographic reporting of the proceedings with copies of the transcript to be made available to both parties; (4) provided that "the burden of proof that adequate evidence exists in support of the separate charges contained in the statement of charges rests upon [the University] and shall be satisfied only by clear and convincing evidence introduced during the hearing before the faculty hearing committee"; (5) provided for broad latitude in the introduction of evidence but excluded "hearsay" evidence; and (6) required that the committee make explicit findings.

ment, accepted the recommendation of the committee and informed appellant by letter dated October 7, 1975, that his employment would be terminated, effective August 15, 1976. Appellant subsequently appealed to the Board of Trustees of the University of Alabama, which approved the recommendation of the faculty hearing committee.[6]

The district court, in granting defendants' motion for summary judgment, concluded that the above proceedings fully complied with the procedural and substantive due process standards of the Fourteenth Amendment. We agree.[7] The University officials in this case have meticulously adhered to the procedural safeguards outlined in our prior opinions; moreover, our independent review of the record before the committee convinces us that the action taken was supported by substantial evidence. *See Ferguson v. Thomas*, 430 F.2d 852 (5th Cir. 1970); *Green v. Board of Regents of Texas Tech University*, 474 F.2d 594 (5th Cir. 1973); *Thompson v. Madison County Board of Education*, 476 F.2d 676 (5th Cir. 1973); *Stapp v. Avoyelles Parish School Board*, 545 F.2d 527 (5th Cir. 1977); *Viverette v. Lurleen B. Wallace State Junior College*, 587 F.2d 191 (5th Cir. 1978).

AFFIRMED.

6. The Board of Trustees issued a forty-six page report upholding the decision of the University officials. In reaching this conclusion, the Board carefully considered, in addition to the committee's report, the entire record before the committee, as well as the briefs submitted to the Board by appellant. Moreover, appellant was allowed to present, with the assistance of counsel, an oral argument before the Board members.

7. We reject, as inconsistent with the well-established authority in this Circuit, appellant's contention that minimum procedural due process entitles him to a jury trial on the merits of his termination. *See, e. g., Ferguson v. Thomas*, 430 F.2d 852 (5th Cir. 1970).