Bert D. GARRETT, Plaintiff-Appellant,

v.

David MATHEWS, etc. et al., Defendants-Appellees.

No. 79–2597.

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1980.

Rehearing and Rehearing En Banc Denied Oct. 8, 1980.

---

Jack Drake, University, Ala., for plaintiff-appellant.

Paul E. Skidmore, Gary L. Blume, University, Ala., for defendants-appellees.

Before VANCE and GARZA, Circuit Judges, and ALLGOOD, District Judge *.

PER CURIAM:

Plaintiff was a tenured mathematics professor at the University of Alabama. In November of 1975 the chairman of the mathematics department brought charges of insubordination and dereliction of duty against the plaintiff alleging eight specific

* District Judge for the Northern District of Alabama, sitting by designation.

examples of misconduct. Following routine university procedures the charges were referred to a faculty hearing committee composed of tenured faculty members who had been selected at random. Plaintiff was advised of the charges against him, was notified of the witnesses ordered to testify and had ample opportunity to respond to the charges.

The terms of plaintiff's employment were governed by the 1972 *Faculty Handbook* which constituted part of the contract between the parties. Section 9 of the handbook provided in part that a tenured teacher might be discharged "for adequate cause" after a hearing. Following the hearing in plaintiff's case the faculty committee found that he was guilty of three of the less serious charges of misconduct. It found, however, that the offenses were not sufficiently serious to warrant dismissal. It recommended, instead, that plaintiff's tenure be revoked and that his status be reconsidered at the end of one year. The recommendation was approved by the chief executive officer of the university who had the authority to act with finality on behalf of the institution.

Following such action the plaintiff perfected a discretionary appeal to the university's board of trustees. The board accepted the committee's findings of fact but concluded that it had exceeded its authority by recommending punishment not contained in the handbook. It remanded the case to the university administration which in turn asked the committee to make another recommendation. After reconsideration of the case the committee adhered to its initial recommendation. Faced by the conflict between the committee's recommendation and the trustees' action the president of the university chose to terminate plaintiff's employment effective at the end of the 1978–79 academic year.

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) and (4). The district court disagreed with the university trustees and concluded that tenure revoca-

tion was a sanction allowed by the *Faculty Handbook.* The district court reasoned that because the university had the power to implement the original recommendation plaintiff's subsequent dismissal was an increase in punishment which constituted a denial of due process. The court ordered that the action of the chief executive officer based on the hearing committee's original recommendation be reinstated. Plaintiff appealed from its judgment to that effect. No separate appeal was filed by the university.

■ Plaintiff first contends that the term "adequate cause" is too vague to meet due process standards. We have recently upheld without comment this particular standard, however, in the face of a constitutional challenge for vagueness. *Bowling v. Scott,* 587 F.2d 229 (5th Cir. 1979).

■ Plaintiff's principal argument challenges the university's power to impose any sanction other than dismissal. Because the published handbook provides for dismissal but does not mention loss of tenure he contends that dismissal is the only constitutional sanction under *Ferguson v. Thomas,* 430 F.2d 852 (5th Cir. 1970). The university contends that lesser sanctions such as loss of tenure, demotion, suspension, probation, or reprimand are necessarily included in the sanction of dismissal. We do not find it necessary to resolve the precise question of contract law involved. Even if the university departed from its own regulations, not every violation by an agency of rules rises to the level of a due process claim. *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).

> There is no reason why an administrative body cannot change its procedures, even without notice, so long as there is no due process loss of substantive rights.

*Colby-Bates-Bowdoin Educational Telecasting Corp. v. F. C. C.,* 534 F.2d 11, 13 (1st Cir. 1976). *Ferguson's* analysis of due process requirements did not include notice of possible sanctions. *Ferguson* did not hold, and we do not now hold, that failure to inform an individual of the sanctions he faces is never a violation of due process. However,

under the circumstances of this case, it is clear that the application of the *Ferguson* standard does not make imposition of a sanction that is less severe than the one specified in the handbook constitutionally offensive and therefore actionable under § 1983. The judgment of the district court is therefore affirmed.

AFFIRMED.