**Charles O. LOGAN, Plaintiff,**

v.

**WARREN COUNTY BOARD OF EDUCATION and George M. Holliman, Individually and in his Official Capacity as Superintendent, Warren County Board of Education, Defendants.**

**Civ. A. No. CV 182–067.**

United States District Court,
S.D. Georgia,
Augusta Division.

Sept. 23, 1982.

J. Hue Henry, Henry & Marshall, Athens, Ga., for plaintiff.

Thomas R. Burnside, Jr., Augusta, Ga., for defendants.

## ORDER

BOWEN, District Judge.

In this action, brought pursuant to 42 U.S.C. § 1983, defendants filed a motion for judgment on the pleadings asserting the plaintiff is estopped under theories of res judicata or collateral estoppel from attacking his dismissal from the position of principal of an elementary school in Warren County. Plaintiff alleges his dismissal violated his rights of petition, association and free speech under the first amendment to the United States Constitution as well as the rights to due process and equal protection as guaranteed by the fourteenth amendment.

The standards applicable to a motion for judgment on the pleadings are strict. Upon a defendant's motion, the fact allegations of the complaint are taken as true. The allegations of the answer, which under Fed.R.

Civ.P. 8(d) require no response, are taken as denied. *Parker v. Dekalb Chrysler Plymouth,* 459 F.Supp. 184, 187 (N.D.Ga.1978). Although consideration of matters outside the pleadings will normally convert the motion to one for summary judgment, where the motion is based solely on pleadings and exhibits it is still treated as one for judgment on the pleadings. *Id.* A judgment on the pleadings should not be granted if there appear to be questions of fact to be decided.

The facts surrounding this action, as taken from plaintiff's complaint, are as follows: Plaintiff was a principal in the Warren County school system, when in April, 1981, he was notified by defendant Holliman that his contract would not be renewed for the up-coming 1981–82 academic year. The reason for this action was plaintiff's conviction on charges of submitting false documents to the United States government. He was convicted in the United States District Court for the Southern District of Georgia on January 17, 1980.

In June of 1980, plaintiff ran for the office of Superintendent of Schools for Warren County, opposing the incumbent defendant George Holliman. Plaintiff was defeated in his bid for office, but he challenged the election in superior court. He was unsuccessful in that action as well. Plaintiff alleges his seeking of public office was the true reason for his dismissal rather than the stated conviction reason.

After being notified that his contract was not to be renewed, plaintiff requested and received a statement of the charges against him. As noted, the basis for the decision was plaintiff's conviction in federal court. The plaintiff was also informed the matter was being referred to the Professional Practices Commission for a hearing. After a full evidentiary hearing on July 16, 1981, the Professional Practices Commission recommended that the plaintiff's contract not be renewed, its decision predicated upon plaintiff's federal conviction and inability to effectively perform his job. Further, the commission found the crime for which plaintiff was convicted was one involving moral turpitude.

Consonant with the commission's recommendation, the Warren County Board of Education voted not to renew the plaintiff's contract. Plaintiff appealed this decision to the State Board of Education. The State Board of Education affirmed the local board's decision on December 10, 1981. The present action was then instituted.

Plaintiff's complaint raises five causes of action:

a) the Georgia Fair Dismissal Act is unconstitutionally vague and overbroad facially and as applied to plaintiff;

b) the decision of non-renewal of plaintiff's contract was not supported by substantial evidence, was arbitrary and capricious, thereby depriving him of substantive due process of law under the fourteenth amendment;

c) the decision violated his right to due process of law because plaintiff's conviction is unrelated to his present ability to perform his job;

d) defendant's decision violated plaintiff's first amendment rights to free speech, association, and petition; and,

e) the decision violated plaintiff's right to equal protection under the fourteenth amendment.

Before attending to the issues raised in defendant's motion, one matter must be settled. Defendants proffer the theories of res judicata and collateral estoppel as barring plaintiff's action. Plaintiff contends he is not barred. Specifically, defendants' position is that the plaintiff seeks to relitigate the classification of his crime as one of moral turpitude. Although the complaint does not seem to take this tack, it is not necessary to determine if this is plaintiff's position or even if he is estopped for under the facts gleaned from the complaint and the exhibits plaintiff claim fails, at least in part.

■ There is no dispute as to the plaintiff's conviction on charges of submitting false documents to the Internal Revenue Service. Under the law of Georgia, of which this Court must take judicial notice, this offense involves moral turpitude. A crime of this nature is a sufficient ground for dismissal or non-renewal of the plaintiff's contract under the provisions of the Georgia Fair Dismissal Act. Ga.Code Ann. § 32–2101c *et seq.* The exhibits and pleadings clearly demonstrate that he was convicted of a crime involving moral turpitude. *In the Matter of Nicholson,* 243 Ga. 803, 257 S.E.2d 195 (1979); *Huff v. Anderson,* 212 Ga. 32, 90 S.E.2d 329 (1955). This conclusion effectively disposes of most of the plaintiff's claims as will be later seen.

In as much as this action arises out of the non-renewal of plaintiff's contract and the subsequent administrative proceedings, it is best to address initially plaintiff's attack of the state statute authorizing this course of action. The procedure for terminating or not renewing the contracts of teachers and principals is established in Ga.Code Ann. § 32–21C. In this chapter, § 32–2101c is the pivotal section. It provides the grounds for which a teacher or principal can be dismissed or not renewed for the following year. Examples of these grounds are incompetence, immorality, and any good and sufficient cause. Ga.Code Ann. § 32–2101c(a)(1), (4), (8). If a teacher or principal has served for longer than three years he is entitled to notice of the intention not to renew a contract as well as to a written statement of the charges against him forming the foundation for a local board's action. § 32–2103c. Under section 32–2104c local school boards are empowered to effectuate the sections of this chapter. The chapter also makes provision for the enforcement of the mandates of due process. For example, § 32–2101c(a) enunciates the grounds for dismissal, while subsection (b) provides for the giving of notice of the charges and the evidence to be presented and the time and place of a hearing. Section 32–2101c(c), (d), and (e) provide for service of process and subpoenas, right to counsel and a hearing before the local board of education or a tribunal of the Professional Practices Commission. Furthermore, subsection (f) gives the right of appeal to the State Board of Education of a local board's decision. Plaintiff argues this statute is vague and overbroad both facially

and as applied to him. His argument is without merit.

 Plaintiff was convicted of a crime. The proposition that criminal activity is not constitutionally protected conduct requires no citation. Does the impugned statute exclude some crimes as a basis for nonrenewal but not others? The statute could be so construed, but that does not in and of itself render the statute vague or overbroad, either facially or otherwise so as to deprive the plaintiff of due process.

 Turning first to the issue of facial constitutionally, it is a well-entrenched axiom of constitutional law that before a statute is unlawfully vague on its face it must be impermissibly vague in all of its applications. *High Ol' Times, Inc. v. Busbee,* 673 F.2d 1225 (11th Cir.1982). In reviewing a statute's constitutional integrity, a statute will be interpreted, if possible, to read in a constitutional fashion. Bearing this principle in mind, facial vagueness occurs when a statute is so devoid of a standard of conduct alerting those who are within its ambit of the proscribed conduct that it cannot be legitimately applied to any conduct. 673 F.2d at 1228. If a person of reasonable intelligence can ascertain a core meaning, or standard of conduct, in the law and the conduct prohibited facial invalidity is foreclosed. *Id.,* See, *Exxon Corp. v. Busbee,* 644 F.2d 1030 (5th Cir.1981). Plaintiff cannot reasonably argue that his conduct is beyond the scope of § 32–2101c and that its application is unconstitutional. The statute clearly establishes the class of people covered and provides sufficient notice of what conduct is proscribed. There is no question that plaintiff came within the sweep of the law.

 The fact that plaintiff and his conduct falls within the plain terms of the statute defeats his overbreadth challenge. A statute cannot be challenged by a person to whom the law constitutionally applies when that person is attacking the constitutionality of its application to others not before the court. *Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2914, 2915, 37 L.Ed.2d 830 (1972). An overbreadth challenge can prevail only upon a showing that the statute envelops "a substantial amount of constitutionally protected conduct." *Florida Businessmen, etc. v. City of Hollywood,* 673 F.2d 1213, 1217 (11th Cir. 1982). In as much criminal activity does not enjoy constitutional protection, plaintiff is in no position to challenge the statute's application to him or anyone else. *Broadrick, supra.*

 Does the statute as applied to plaintiff deprive him of his fourteenth amendment due process rights? Plaintiff seems to be alleging an equal protection claim, rather than a due process claim. Regardless of the label given the claim, however, the substance of it is without merit. States and local authorities have a compelling, legitimate interest, *Burnside v. Byars,* 363 F.2d 744 (5th Cir.1966), and broad discretion in the management of school affairs. *Board of Education v. Pico,* —— U.S. ——, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982); *Clark v. Holmes,* 474 F.2d 928 (7th Cir. 1972). Moreover, teachers and principals are, under Ga.Code Ann. § 32–838, considered professionals whose services are affected with the public interest. It follows that state and local authorities have a legitimate interest in securing the employ only of those fit to serve the public interest. Consequently, the ability to discharge even tenured personnel when deemed necessary to the proper functioning of the schools is essential to the exercise of authority over a school system. But, in applying this authority local boards may not operate arbitrarily. A check on this power and a recognition and implementation of due process guarantees is manifested in Ga.Code Ann. § 32–21c. Thus, it is only when a school board has a valid ground for removing school personnel that it may exercise the authority granted by § 32–21c. Accordingly, school personnel enjoy constitutional protections concomitantly with the local board's right to manage school affairs. Since this system is not capricious or arbitrary, plaintiff's application argument is without merit.

Plaintiff's second cause of action alleges a deprivation of substantive due process as secured by the fourteenth amendment. The asserted deprivation resulted because the decision not to renew his contract was arbitrary and capricious and not supported by substantial evidence. Plaintiff filed with his complaint as exhibits, which were incorporated into the complaint by reference, a transcript and report of the hearing before the Professional Practices Commission tribunal. The tribunal hearing was convened after plaintiff was notified of the grounds for the non-renewal for the purpose of investigating the charges and allowing plaintiff to respond accordingly. The report of the Commission (Exhibit C, also incorporated into the complaint) recommended that the plaintiff's contract not be renewed. Moreover, this recommendation was adopted by the State Board of Education (Exhibit D, also incorporated) which affirmed the Warren County Board of Education's decision not to renew plaintiff Logan's contract.

■ In reviewing the decision not to renew plaintiff's contract, the Court is limited to a two step level of inquiry: 1) whether the procedures followed by the school authorities comported with due process requirements, and, if so, 2) whether the action taken is supported by substantial evidence, *Viverette v. Lurleen B. Wallace Jr. College,* 587 F.2d 191, 193 (5th Cir.1979).

■ Upon careful examination of the transcript of the proceedings before the Professional Practices Commission, it is clear Logan was not deprived of any due process rights. Section 32–2101c procedures adequately protect plaintiff's due process rights. Furthermore, all parties agreed at the hearing that the provisions of § 32–2101c were satisfied. Exhibit B, pg. 5. Therefore, the procedures employed by the local and state authorities did not violate plaintiff's due process rights.

The second step of the two step inquiry is a determination of whether substantial evidence supported the defendant school board's decision. The hearing tribunal, upon whose recommendation the school board acted, had before it substantial, if not conclusive, evidence of plaintiff's conviction of submitting false documents. Exhibit B, pg. 11. Under Ga.Code Ann. § 32–2101c(a)(4) and (8) the conviction constitutes sufficient grounds for the board's decision. *See, Dominy v. Mays,* 150 Ga.App. 187, 257 S.E.2d 317 (1979). Moreover, the hearing tribunal found that, because of the public knowledge of his conviction and the reaction thereto, the plaintiff was less effective in his job and less able to set a proper example for the students under his control. The record developed by the hearing tribunal supports its findings and conclusions and is entitled to great weight, *Ferguson v. Thomas,* 430 F.2d 852, 859 (5th Cir.1970), inasmuch as *de novo* hearings by the district court are not favored. *Viverette, supra,* at 193. Accordingly, based upon the findings and conclusions in the record, the defendant school board's decision and the recommendation of the Professional Practices Commission were substantially supported by the evidence.

■ Closely tied to the preceding cause of action is plaintiff's third claim. The claim, which also asserts a deprivation of due process, attacks the board's decision not to renew his contract on the basis that his conviction is unrelated to his present ability to perform his job. As noted earlier, plaintiff was in a position of public trust. Ga. Code Ann. § 32–838. Under § 32–2101c and the interpretive caselaw it is not necessary to establish a nexus between conviction and ability to justify discharge or non renewal, when the conviction involves moral turpitude. *See, Dominy, supra.* Consequently, the plaintiff's argument that he was deprived of due process is without merit.

■ A fourth cause of action alleged by plaintiff is that his contract was not renewed because of his exercise of his first amendment rights of free speech, association and petition. Specifically, plaintiff asserts the decision was in retaliation for his opposing defendant Holliman in the race for school superintendent, and for his state

court challenge of the election results. Thus, the gist of the fourth claim is the discharge of plaintiff for politically retaliatory reasons.

The plaintiff's fourth claim is foreclosed by the holding in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). *Mt. Healthy* involved the nonrenewal of Doyle's teaching contract by the Mt. Healthy Board of Education allegedly for exercising his first amendment right of free speech. Several grounds were cited by the board for the decision of nonrenewal along with the ground entailing the first amendment right. The Supreme Court found that Doyle had the burden of showing that his constitutionally protected conduct was a "substantial" or "motivating" factor in the board's decision not to renew his contract before he could go forward with his case. Upon such a showing, the burden shifts to the employer who may avoid liability by demonstrating that the same decision would have been rendered in the absence of the protected conduct. *Id.* at 287, 97 S.Ct. at 576. In other words, if the same decision would have been made for other extant, constitutionally permissible reasons, the presence of a constitutionally infirm basis is immaterial so long as that basis is not the primary ground for the decision.

In this case, the *Logan* decision was founded solely on his conviction of a federal crime involving moral turpitude. Neither the board's decision, the hearing tribunal's recommendation, nor the State Board's affirmation centered on anything but the plaintiff's conviction and its effects. Once the tribunal determined plaintiff's offense to involve moral turpitude, Exhibit C, pgs. 6, 3, the matter of Logan's political activities and subsequent litigation were matters of only tangential interest. It does not appear from the record of the hearing, or the State Board's affirmance that any consideration was given to the plaintiff's politics as a basis for nonrenewal. The only issue considered was the plaintiff's conviction. Thus, it is abundantly clear that the decision not to renew Logan's contract would have been made regardless of his candidacy for office or his decision to file suit regarding that election.

Plaintiff's fifth and final claim is couched in terms of equal protection as secured to him by the fourteenth amendment. The Plaintiff alleges that other persons situated similarly to him have not been treated in the same fashion. By this allegation and claim the plaintiff must mean that there are other tenured teachers who have been convicted of crimes of moral turpitude and have had their contracts renewed. I suppose that this is a possibility but I find it unlikely to the point of incredulity. I find it about as reasonable and easy to believe the proposition that the duly elected School Board of Warren County and its Superintendent extend contracts to teachers convicted of felony crimes as I do to accept the conceivable explanation that Mr. Logan was treated differently because his crime, being one of falsity of statement, displays more (or worse) moral turpitude than that of a burglar, forger, or embezzler.

While on this motion for judgment on the pleadings the Court is required to accept the allegations of the complaint as true, this standard does not mean that a Court must abjure reason and common sense. Indeed, even if it were found that the superintendent and the board treated this convicted criminal and plaintiff differently than they did other felons in their employ, would such a showing justify a judgment in favor of the plaintiff entitling him to damages or a position in charge of the training of the youth of America? To do so would be a perversion of justice. Such a showing, of course, would warrant administrative, judicial, and political action against the elected officials for misfeasance of office. However, no responsible court would order yet another felon to be employed as a school principal.

Simply stated, I cannot accept the proposition that the Superintendent of Schools and the School Board of Warren County are knowingly hiring as teachers and principals in their school system persons convicted of crimes of moral turpitude any more readily

than I will the concept of the moon being made of green cheese.

The equal protection claim asserted by the plaintiff is dismissed on the defendant's motion for judgment on the pleadings and because it is frivolous. Indeed, this entire matter is ridiculous and has been extremely wasteful of judicial and other resources. The bringing of such cases should be discouraged. Accordingly, costs are assessed in this action against the plaintiff.

The clerk will enter judgment in favor of the defendants and against the plaintiff, and tax costs against the plaintiff.