ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal involves the suspension of the defendant as a vendor for the State Department of Public Health (Department), under the auspices of the Special Supplemental Food Program for Women, Infants and Children (WIC).
The WIC program provides certain supplemental nutritious foods to low-income women and children. As a vendor for this program, the defendant was authorized to accept food vouchers from participants in the WIC program and to receive reimbursement for these vouchers from the Department.
In May 1990 the Department issued a formal complaint, alleging that the defendant had failed to comply with proper WIC procedures in processing food vouchers and had shown a trend of overcharging the Department.
The Department filed its letter of complaint against the defendant after WIC employees made “compliance buys” on three separate occasions at Boackle-Phipps’s food store. When making compliance buys, WIC program employees pose as WIC recipients and observe whether proper procedure is followed by the vendors during a purchase. After each compliance buy in the defendant’s store, the Department determined that the defendant had failed to conform to various WIC procedures and had consistently overcharged the WIC program for the purchases made.
At the administrative hearing, the defendant admitted that he had not always properly followed WIC procedures. However, the defendant contended that he had never overcharged for items bought by WIC customers; rather, the defendant explained that he had devised his own system of accounting because he did not trust his employees to properly tabulate the purchase prices on the store’s outdated cash registers. The defendant stated that he had since bought new cash registers that would allow his employees to tabulate prices in a normal manner.
After considering all the evidence, the hearing officer made the following finding:
“The method Mr. Boackle used in calculating WIC transactions does not fall within WIC regulations. There are strong public policy reasons to require each and every WIC vendor to leave a clear audit trail; otherwise the program would get totally out of control.”
The officer then suspended the defendant as a WIC vendor for one year, rather than three years as recommended by the Department.
The defendant appealed the hearing officer’s findings to the circuit court. After considering the record and the briefs of the parties, the court reinstated the defendant *1236 as a vendor for the WIC program. The Department appeals.
The Department contends that the circuit court improperly substituted its judgement for that of the hearing officer. The Department points out that an agency order is prima facie just and reasonable, and when there is ample evidence to support the decision of the administrative agency, it is not the duty of the trial court to replace the agency’s decision with its own judgment. Alabama Dep’t of Public Health v. Perkins, 469 So.2d 651 (Ala.Civ.App.1985). However, the circuit court may reverse or modify the agency’s judgment if it finds that the agency’s decision was arbitrary or capricious, in violation of agency authority or regulations, or clearly erroneous in view of the record. § 41-22-20(k), Code 1975.
In this case the circuit court found that levying a suspension against the defendant was arbitrary and in violation of pertinent WIC rules. The court noted that the defendant was charged with two different categories of offenses under WIC regulations. Overcharging the WIC program is a “Category IV” offense and requires an immediate one-year suspension for each violation. Failure to comply with certain WIC procedures is a “Category I” offense, for which the Department must first issue two warnings before suspension can be imposed. The court pointed out that the defendant was never specifically found guilty of overcharging WIC; rather, the administrative hearing officer found that the defendant’s procedures for tabulating WIC transactions were not within WIC guidelines. The court concluded that, under WIC regulations, the Department hearing officer could not order a suspension for the defendant without finding him guilty of a Category IV offense. The trial court stated that “without such a finding, the disqualification is unsupported and is due to be set aside.”
We agree that the language used in the hearing officer’s decision does not specifically find the defendant guilty of a Category IV offense; yet, the punishment that was levied strongly suggests that the defendant was found guilty only of the Category IV offense. However, neither WIC regulations nor the Alabama Administrative Procedure Act (AAPA) requires that an agency’s decision be set out with particular specificity. The findings of fact made by an administrative body are sufficient if the written decision of the hearing officer clearly sets out the grounds for its actions so that appellate bodies are able to discern whether the decision is based on substantial evidence when the record is considered as a whole. Garrett v. Matthews, 625 F.2d 658 (5th Cir.1980); Johnson v. Harrison, 272 Ala. 210, 130 So.2d 35 (1961).
After closely reviewing all aspects of the record, we find that the hearing officer’s final decision is sufficient to show that the defendant was found guilty of overcharging the WIC program. The Department presented sworn testimony and affidavits from its personnel that conducted the compliance buys in the defendant’s stores. The Department also presented WIC reports which clearly indicate that the Department was overcharged on all three compliance buys. To rebut this evidence, the defendant offered only sworn denials and testimony concerning his special method of tabulating WIC transactions. In light of all this evidence, the officer found that this “special method” of tabulation was not within WIC procedure and levied the penalty of suspension. The hearing officer was undoubtedly familiar with the WIC regulations and knew that suspension could be imposed only if the defendant was found to have overcharged the program.
We find that the totality of these facts overcomes any lack of specificity contained in the language of the decision. We therefore cannot find that the decision was arbitrary or capricious, nor did it violate WIC regulations concerning the levying of suspension. Accordingly, the circuit court erred in substituting its judgment for that of the administrative hearing officer.
We emphasize that the Department’s decision could easily have included a clear finding of guilt or innocence regarding each allegation against the defendant. Certainly, the findings of fact made by an administrative body should be set out as *1237 clearly as the charges it makes against an individual, so that such findings need not be inferred.
The next issue is raised by the defendant. In addressing this issue, we begin by noting that an appellee, without filing a cross appeal, may offer in support of his judgment any argument supported by the record even if such argument was ignored or rejected by the trial court. McMillian, Ltd. v. Warrior-Drilling & Engineering Co., 512 So.2d 14 (Ala.1986).
The defendant argues that the trial court properly reversed the decision of the hearing officer because the defendant’s counsel was not allowed full discovery pri- or to trial.
The defendant points out that the WIC program is under the auspices of the United States Department of Agriculture and is subject to federal regulations governing the program. The defendant cites 42 U.S.C.A. 1786, 7 C.F.R. 246.18(b) (West 1988), which sets out the elements of due process which must be followed in an administrative hearing for a vendor who has been accused of WIC violations. The regulation provides:
“[a] Requirements. The State agency shall provide a hearing procedure whereby a food vendor ... adversely affected by a State or local agency may appeal the action.
[[Image here]]
“[B] PROCEDURE. The state agency hearing procedure shall at a minimum provide the local agency or vendor with ... the opportunity to review the case record prior to the hearing.”
At the administrative hearing the Department sought to introduce into evidence the report that WIC employees made after completing three compliance buys in the defendant’s store. The defendant’s counsel objected, stating that the Department had refused to give the defendant a chance to review the report prior to trial, as required by federal regulations governing the WIC program. The defendant’s counsel stated that he had requested a copy of the report but the Department had not produced it. The hearing officer ultimately allowed the report into evidence, but stated that he would take into consideration the fact that the defendant’s counsel had not seen it prior to trial.
It is clear that the defendant was not afforded the opportunity for prior review of the WIC report, which was a crucial part of the case record. The Department’s failure to produce this report was a violation of § 246.18(b). However, the regulation is silent as to the effect of such a violation. We therefore turn to the A APA for guidance.
The AAPA provides that a circuit court may set aside an agency decision if it finds that the substantial rights of the petitioner have been prejudiced by agency action that was “made upon unlawful procedure.” § 41-22-20(k)(4), Code 1975. In this case, the circuit court did not find that the hearing officer’s decision was based upon unlawful procedure, nor did it find that the defendant’s rights were prejudiced by the violation of § 246.18(b). Rather, the court’s order focused solely upon the vagueness of the hearing officer’s findings and conclusions.
We do not find that the Department’s violation of § 246.18(b) in this case amounts to reversible error. The issue was fully presented to the hearing officer, who stated that he would take the violation into consideration when he made his decision. The hearing officer found that the defendant had committed a Category IV offense on three different occasions, but mitigated the automatic three-year suspension to one year. Because the punishment was so mitigated, we cannot say that the defendant has been prejudiced by the Department’s violation of § 246.18(b). Further, there is nothing in the circuit court’s order to indicate that its reversal of the hearing officer’s decision was based on this issue.
The circuit court’s judgment is reversed and the decision of the hearing officer is ordered to be reinstated.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty *1238 status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.